**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4589**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TAYLOR KING PEPE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:15-cr-00020-GLR-1)

Submitted: August 26, 2020                                    Decided: June 4, 2021

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Joanna Silver, Assistant Federal Public Defender, Paresh Patel, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Robert K. Hur, United States Attorney, Lauren E. Perry, Assistant United States Attorney, Sandra Wilkinson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Taylor King Pepe pled guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and to aiding and abetting the brandishing of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c). He received a 420-month sentence. On appeal, Pepe contends that in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Simms*, 914 F.3d 229 (4th Cir.) (en banc), *cert. denied*, 140 S. Ct. 304 (2019), his 18 U.S.C. § 924(c) conviction must be vacated because conspiracy to commit Hobbs Act robbery, the predicate for his § 924(c) conviction, is not a crime of violence. Pepe also raises two sentencing challenges. We vacate Pepe's conviction on the 18 U.S.C. § 924(c) count and remand for resentencing.

Because Pepe did not argue in the district court that conspiracy to commit Hobbs Act robbery is not a crime of violence, we review his claim for plain error. *United States v. Walker*, 934 F.3d 375, 379-80 (4th Cir. 2019). To prevail, Pepe "must show (1) an error that (2) was clear or obvious, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 378 (brackets and internal quotation marks omitted).

"To sustain a conviction under 18 U.S.C. § 924(c), the government must prove that the defendant (1) used or carried a firearm and (2) did so during and in relation to a crime of violence." *United States v. Fuertes*, 805 F.3d 485, 497 (4th Cir. 2015) (internal quotation marks omitted). Section 924(c)(3) provides two definitions of the term "crime of violence"—the force clause in § 924(c)(3)(A) and the residual clause in § 924(c)(3)(B).

2

In *Davis*, the Supreme Court concluded that the residual clause in § 924(c)(3)(B) was unconstitutionally vague. 139 S. Ct. at 2323-24. And in *Simms*, we held that conspiracy to commit Hobbs Act robbery is not a crime of violence under the force clause in § 924(c)(3)(A). 914 F.3d at 233-34. The parties thus agree that the § 924(c) conviction should be vacated because conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3) in light of *Davis* and *Simms*. We agree. We therefore vacate Pepe's § 924(c) conviction.

Pepe also challenges his sentence on appeal and contends that the district court erred by applying a cross-reference to first-degree murder, *see* U.S. Sentencing Guidelines Manual §§ 2B3.1(c)(1), 2A1.1(a) (2015), and a two-level leadership role enhancement under USSG § 3B1.1(c). Because we must remand for resentencing, we do not address Pepe's sentencing arguments. *See United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017); *see also Davis*, 139 S. Ct. at 2336 ("[W]hen a defendant's § 924(c) conviction is invalidated, courts of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted." (internal quotation marks omitted)).

Accordingly, we vacate the § 924(c) conviction and remand for resentencing on the remaining count. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*